Parker, J.
[dissenting on the question of parties, stated the facts, and said]—Three legal questions are raised by the demurrer, which may be stated as follows :
1. Does the complaint set forth a cause of action against the defendant Tweed, in favor of any party ?
*102 2. If a cause of action is set forth, is it one in favor of the people of the State of New York, and can the people, as plaintiffs, maintain the action?
3. If the action is properly brought by the people, as plaintiffs, is not the board of supervisors of the county of New York, or, if not such board, the mayor, aldermen and commonalty of the city of New York, a necessary party defendant, without whose presence in court the action cannot proceed.
In regard to the first of these questions, .it is said by the counsel for the defendant Tweed, that no cause of action is shown to exist against him, because it is not alleged that Tie drew the money from the county treasury, but only received a part of what his co-defendants drew upon a division of it with them, and, so far as appears, without notice that the claims were fictitious or excessive, or that the money was not rightly or properly drawn from the treasury by his co-defendants.
To this it is a sufficient answer to say, that it is alleged that the payments made to his co-defendants, upon the accounts falsely and fraudulently made up by them, were divided between defendant Tweed and his co-defendants, pursuant to a corrupt, fraudulent and unlawful combination and conspiracy between them, that they should be so divided.
Notice to him, therefore, that the money was fraudulently obtained from the treasury, is not necessary to be averred or shown, to entitle the owner of the money to reclaim it of him, receiving it, as he did, under a corrupt agreement, from his co-defendants, who thus fraudulently obtained it. He is not a bona fide holder of the money for value, as sufficiently appears, and hence has no claim to it, as against the true owner.
Whether he is liable in a civil suit for the maladministration of his office, or for malconduct therein, it is not now necessary to inquire. The ground of lia *103 bility above stated, is, upon the demurrer, a sufficient answer to the question first above mentioned.
[The learned judge then examined the second and third of the above questions ; and reviewed Bailey v. Mayor, &c., 3 Hill, 531, 543; Laws of 1871, ch. 323; 1 Rev. Stat., 83, 1 ed.; Const. of N. Y., art. 3, § 3; 1 Rev. Stat., 364, ch. 12, tit. 1, art. 1, §§ 1-4; Id., tit. 2, §§ 17, 29; Rex v. Amory, 2 T. R., 569; People v. Edmonds, 15 Barb., 539; 2 Rev. Stat., 473; Laws of 1857, ch. 590; Laws of 1870, ch. 190; Brady v. Supervisors, 2 Sandf., 460; 10 N. Y. [6 Seld.], 260; and was of opinion that the supervisors had power to maintain an action for the purpose; that the money belonged to the county;—and that, inasmuch as this action, by the frame of the complaint, was not an equitable suit for the benefit of cestuis que trust, but a common law action for money, it could not be sustained by the attorney-general in the name of the people. He concluded as follows:]
I cannot, therefore, avoid the conclusion that the demurrer is well taken, upon the ground that no cause of action in favor of the plaintiffs is set forth in the complaint. Also, upon the ground that, if the people can maintain, the action, there is a defect of parties defendant, in the omission of the county of New York, by its board of supervisors.
Order affirmed, with costs.*

 At a special term in the Third District in September, 1873, the defendant Ingersoll moved for an order striking out of the complaint the allegations which relate to the raising the moneys by taxation, the investigation by committee, the inaction of the mayor, and the circumstances under which the present suit, and the alleged collusive suits by the supervisors, were brought, on the ground that this matter was irrelevant or redundant.
David Dudley Field, in support of the motion.
Wheeler H. Peckha
Ingalls, J„ before whom the motion was made, granted it, and struck out the allegations in the divisions fourth, fifth and sixth (pp. 33 to 37, note, above), with costs.